IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50686
Conference Calendar
_____

JESSE ROLAND FLORES,

Plaintiff-Appellant,

versus

BRYAN CROUCH; Atascosa County Jail Administrator;
TOMMY WILLIAMS, Sheriff,
Atascosa County; ATASCOSA COUNTY JAIL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-316
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jesse Flores, Texas prisoner #749949, challenges the district court's certification that his appeal of the denial of his FED. R. CIV. P. 60(b) motion is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Flores's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Flores contends that he was denied due process, he was subjected to cruel and unusual punishment, and he was prejudiced by the defendants' motion for summary judgment.

Flores cannot establish a due process violation as a result of his confinement to conditions comparable to those in administrative segregation. Sandin v. Conner, 515 U.S. 472, 485-86 (1995). Flores does not reiterate in this court his specific claims that the defendants subjected him to cruel and unusual punishment and denied him access to the court; thus, he has abandoned these issues. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Flores has not shown the deprivation of a right secured by the Constitution and laws of the United States on his claim that the defendants filed an untimely motion for summary judgment. Manax v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988). The district court's denial of Flores's FED. R. CIV. P. 60(b) motion was not an abuse of discretion. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

Flores's appeal does not raise any legal point arguable on its merits. See Howard, 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2. See Baugh, 117 F.3d at 202 n.24. The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Flores is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  Id.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.